U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT**

2023 APR 28  PM 4: 17

CLERK

BY_____

DEPUTY CLERK

YINONG YOUNG-XU,            )
                           )
        *Plaintiff,*        )
                           )   Case No. 2:23-cv- 79
    v.                     )
                           )
DENIS R. McDONOUGH,         )
as SECRETARY OF THE        )
UNITED STATES DEPARTMENT OF )
VETERAN AFFAIRS; and BRIAN SHINER )
                           )
        *Defendants.*       )

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1367, 1441(a), and 1442(a)(1), Denis R. McDonough, Secretary of the United States Department of Veteran Affairs ("VA"), through his attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, hereby removes the civil action captioned *Yinong Young-Xu v. Brian Shiner*, Case No. 23-CV-01774, from the Vermont Superior Court, Civil Division, Windsor Unit, to the United States District Court for the District of Vermont. The grounds for removal are as follows:

1.    On or about April 7, 2023, Yinong Young-Xu ("Plaintiff") served a summons and complaint against Brian Shiner pursuant to Vermont Rule of Civil Procedure 3, thereby commencing this civil action under the caption *Yinong Young-Xu v. Brian Shiner*. The Complaint was subsequently filed in the Vermont Superior Court, Civil Division, Windsor Unit, on April 27, 2023, as Case No. 23-CV-01774. A copy of Plaintiff's complaint, dated March 30, 2023, in annexed hereto as **Exhibit A**.

2.    Plaintiff's complaint, appears to allege that Plaintiff was employed by a research division of the VA, supervised by the Defendant, and that Defendant in his role as Plaintiff's

supervisor discriminated against Plaintiff on the basis of his "race and/or ethnicity and/or national origin," in connection employment actions taken from 2021-2023. *See* Compl. ¶¶ 5-14, 33-90, 115-123.[1]

3.      Dr. Brian Shiner is an employee of the VA, and as admitted by Plaintiff in his Complaint, was Plaintiff's direct supervisor related to his federal employment. *See* Compl. ¶¶ 46-47.

4.      As a federal employee, Plaintiff has no judicial remedy for employment discrimination under Vermont law; the only judicial remedies that are potentially available to a federal employee who is claiming employment discrimination based on race or national origin are those remedies which are provided by Title VII of the Civil Rights Act of 1964 ("Title VII"). *See, e.g.*, *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996) ("Title VII is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex, or national origin.") (internal quotation omitted). As the Second Circuit has previously held, a Plaintiff may not "evade the holding of *Brown [v. General Servs. Admin.*, 425 U.S. 820 (1976)] that Title VII provides the sole remedy for federal employees alleging employment discrimination" by naming his supervisors and alleging state law claims. *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998).

5.      "It is black-letter law that the only proper defendant in a Title VII action by an employee or prospective employee of the federal government is the 'head of the department, agency, or unit, as appropriate,' not the agency itself or any lower level employees." *Ghaly v. U.S. Dept. of Agriculture*, 739 F. Supp. 2d 185, 195 (E.D.N.Y. 2010) (quoting 42 U.S.C. § 2000e-16(c)). Thus, Secretary McDonough must be the Defendant as to Plaintiff's employment discrimination claim.

---

[1] While there is a reference in Paragraph 35 of the Complaint to acts on December 15, 2015, counsel believes this is a typographical error given the facts, dates, and context alleged throughout the remainder of the Complaint.

2

6.     This action is thus properly removed pursuant to 28 U.S.C. § 1441, which provides for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. 1441(a). "This is so because when [a] federal statute completely pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (internal quotation omitted); *see also Wood v. Vermont Ins. Mgmt., Inc.*, 749 F. Supp. 558, 559 (D. Vt. 1990) ("If the only remedy available to plaintiff is federal, because of preemption or otherwise, and the state court necessarily must look to federal law in passing on the claim, the case is removable regardless of what is in the pleading.") (quoting 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3722 (2d ed. 1985)).

7.     This action is also properly removed pursuant to 28 U.S.C. § 1442, which permits the removal of "[a] civil action that is commenced in a State court and that is against or directed to . . . [t]he United States or any agency thereof or any [federal] officer (or any person acting under that officer) . . . ." 28 U.S.C. § 1442(a)(1). As noted by Plaintiff in his Complaint, Mr. Shiner is an employee of a federal agency. *See* Compl. ¶¶ 46-47. And of course, the United States Department of Veteran's Affairs—is a federal agency. The allegations in the Complaint relate to Mr. Shiner's carrying out of his official supervisory duties. *See id.* ¶¶ 48-90. Defendant has a more-than-colorable federal defense to them; as noted, Title VII preempts any state law employment discrimination claim, and Defendant will argue, *inter alia*, that Plaintiff's lack of exhaustion is fatal to his claims. *Vermont v. Patten*, No. 2:09-CV-00205, 2010 WL 11610366, at *2 (D. Vt. Feb. 4, 2010).

3

8.      With regard to the state tort law claims that Plaintiff has asserted in his Complaint, the United States is currently conducting a review to determine whether those claims are subject to substitution of the United States pursuant to the Westfall Act.  While the United States is conducting that review, removal of those claims is proper pursuant 28 U.S.C. § 1367(a), as supplemental jurisdiction is appropriate because the facts underlying the tort claims and the Title VII claim overlap and are intertwined to such an extent that they form part of the same case or controversy.

9.      Removal of this action is also timely pursuant to 28 U.S.C. § 1446 because service upon Defendant Shiner occurred less than 30 days ago on April 7, 2023.  Further, Plaintiff has not yet served a summons and a copy of his complaint upon the proper Defendant in his Title VII, Secretary McDonough, in accordance with Federal Rule of Civil Procedure 4.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 35-56 (1999) (holding that the 30-day period for removal in accordance with 28 U.S.C. § 1446 begins to run upon proper service of process); *Dernier v. Mortg. Network, Inc.*, No. 20-CV-56, 2021 WL 1109464, at *3-4 (D. Vt. Mar. 23, 2021) (holding that removal was timely where the plaintiff had not yet properly served the defendants with process); *Pietrangelo v. Alvas Corp.*, 664 F. Supp. 2d 420, 429-30 (D. Vt. 2009) (same), *aff'd*, 487 F. App'x 629 (2d Cir. 2012), and *aff'd*, 686 F.3d 62 (2d Cir. 2012), and *aff'd*, 487 F. App'x 629 (2d Cir. 2012).

10.     WHEREFORE, the action captioned *Yinong Young-Xu v. Brian Shiner*, Case No. 23-CV-01774, is hereby removed to this Court from the Vermont Superior Court, Civil Division, Windsor Unit.

4

Dated at Burlington, in the District of Vermont, this 28th day of April 2023.

Respectfully submitted,

NIKOLAS P. KEREST
United States Attorney

By:

(JASON M. TURNER
Assistant United States Attorney
United States Attorney's Office
P.O. Box 570
Burlington, Vermont 05402
(802) 951-6725
Jason.Turner4@usdoj.gov

*Attorney for Defendant Denis R.*
*McDonough, Secretary of the United States*
*Department of Veteran Affairs*

5